UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22 CR 00149 MTS |
| v. ) | |
| ) | |
| WOODROW MASSA, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine Krug, Assistant United States Attorney for said District, and files its Sentencing Memorandum.

On February 26, 2024, the defendant pleaded guilty to two counts of Deprivation of Rights Under Color of Law. The Presentence Investigation Report (PSR) calculated a total offense level of 19 and a criminal history category of I. Defendant's advisory guideline range of imprisonment is 30 to 37 months, but that range is higher than the statutorily allowed sentence of 12 months imprisonment. It is anticipated that the defendant will request a downward variance from the guideline sentence. The Government requests that the defendant receive a sentence between three and nine months imprisonment, which is within the guideline range of punishment.

I.    The Section 3553(a) Factors Dictate Imposition of a Term of Imprisonment

Title 18, United States Code, Section 3553(a) lists the following relevant factors to be considered by the Court in sentencing:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed --
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to

      provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentences and the sentencing range established for--
      (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
5) any pertinent policy statement ---
      (A) issued by the Sentencing Commission...
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

The application of these factors in this case supports a prison sentence.

A. <u>The Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

1. <u>The Nature and Circumstances of the Offense</u>

As established at the defendant's guilty plea, regarding:

Count 1: On August 12, 2020, the defendant and another arrested J.R. without an arrest warrant or probable cause, handcuffed him, took him to the Piedmont Police Department, and held him for over three hours. Defendant admits that he willfully deprived J.R. of his constitutional right to be free from unlawful arrest and detention. And, regarding:

Count 4: On December 22, 2020, the defendant arrested E.W. without an arrest warrant or probable cause and took her to the Piedmont Police Department. The arrest involved forcibly putting E.W. on the ground and handcuffing her. The defendant swore out a probable cause statement which he presented to the prosecuting attorney and resulted in E.W. being charged with a misdemeanor crime. That charge was later dismissed by the prosecutor. Defendant admits that he willfully deprived E.W. of her constitutional right to be free from unlawful arrest and detention.

2. <u>The History and Characteristics of the Defendant</u>

The defendant has no criminal convictions; however, his actions in this case are quite

illustrative as to his character. Further, as pointed out on pages nine and 10 of the Pre-Sentence Report, the defendant has a pending case in the Circuit Court of Wayne County in which he is charged with Sexual Abuse in the First Degree (class C felony) and Harassment in the First Degree (class E felony) in Cause Number 21WY-CR00941-01 for acts that occurred between October 1 and October 26, 2021, while he was on-duty. That case was charged by the prosecuting attorney on October 27, 2021 and bound over to Circuit Court on January 25, 2022. Motions are set for this summer, with a trial date to follow.

The United States made significant concessions in this case in dismissing two felony counts in consideration of the defendant's age and health. Those concessions should not minimize or mitigate the defendant's serious criminal conduct of violating the trust placed in him as a law enforcement officer. In this case, he betrayed his oath to the Piedmont community not once, but twice with two separate victims.

B.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

Defendant was an on-duty police officer at the time that he arrested both J.R. and E.W. without probable cause. The government believes that a sentence between three and nine months is warranted and appropriate based on the defendant's actions and the charges to which he pleaded guilty. Such a sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Law enforcement officers are charged with following the law and enforcing it appropriately as they carry out their duties.  Most police officers take this responsibility seriously. The defendant did not. The justice system must impose a sentence so that the community sees that this conduct by its police officers is unacceptable.  A sentence of

incarceration is just punishment for these offenses, considering the defendant's abuse of authority in this case not once, but twice.

      C.    To Afford Adequate Deterrence to Criminal Conduct

Defendant's sentence must create adequate deterrence to criminal conduct by other police officers. Scholars have differed on the effectiveness of lengthy sentences to deter other actors because deterrence depends on the assumption that other officers are aware of the consequences. Cases such as this routinely garner media attention, so awareness of the outcome of this case is more likely. Law enforcement officers will be deterred because they are sensitive to the prosecution of officers for civil rights violations—they do not want to be in that position. Regarding Count 4 in this case, the defendant was actually training a new officer who was on the scene for this warrantless arrest. A prison sentence in this case should illustrate for other officers that their response to similar situations should be addressed differently, that the basic tenet of probable cause is required for a lawful arrest. For any officer who might consider the defendant's actions to be acceptable, a prison sentence will clearly demonstrate that similar actions are not just unacceptable, but criminal.

      II.    Conclusion

The defendant's conduct in this case was inexcusable and demands a sentence of incarceration. Understanding that the Government agreed to a plea for the two Civil Rights violations (which are misdemeanors in this case), the defendant's conduct was still serious and there needs to be a consequence for his actions. For the foregoing reasons, the Government respectfully requests the Court sentence defendant to a guideline sentence in the range of three to nine months imprisonment. It is sufficient and not greater than necessary to comply with Title 18

4

United States Code Section 3553(a), will hold the defendant accountable, and will hopefully restore some sense of justice in the community.

>
> Respectfully submitted,
>
> SAYLER A. FLEMING
> United States Attorney
>
> */s/ Christine H. Krug*
> CHRISTINE H. KRUG, #42586MO
> Assistant United States Attorney
> 111 South Tenth Street, 20th Floor
> Saint Louis, Missouri 63102
> Christine.Krug@usdoj.gov
> Telephone: (314) 539-2200
> Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

> */s/ Christine H. Krug*
> Christine H. Krug, #42586MO
> Assistant United States Attorney